UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-80035-BLOOM/MATTHEWMAN

UNITED STATES OF AMERICA,

v.

BERT SOLOMON ELIZEE,

Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE [DE 53]

THIS CAUSE is before the Court upon Defendant Bert Solomon Elizee's ("Defendant")

Motion for Reduction in Sentence ("Motion") [Cr-DE 53][1], which was referred to the Undersigned

Chief United States Magistrate Judge by the Honorable United States District Judge Beth Bloom

[Cr-DE 56]. The Motion is ripe for review. *See* Cr-DE 55. The Court has carefully reviewed the

Motion, the Government's Response, the record in this case, and the applicable law, and is

otherwise fully advised. For the reasons set forth below, the Undersigned **RECOMMENDS** that

the Motion be **DENIED**.

### I.      BACKGROUND

Initially, Defendant was charged by a superseding indictment with the following seven

counts: felon in possession of a firearm and ammunition (Count 1); possession with intent to

distribute a controlled substance (marijuana) (Count 2); possession of a firearm in furtherance of

a drug trafficking crime (Count 3); possession with intent to distribute a controlled substance

---

[1] Throughout this Report and Recommendation, docket entries labeled "Cr" will refer to 17-cr-80035-Bloom/Matthewman, the case currently before the Court. Docket entries labeled "Cv" will refer to 18-cv-80842-Marra/Reid, Defendant's civil § 2255 case.

(heroin, oxycodone, crack cocaine, cocaine, marijuana, and alprazolam) (Count 4); felon in possession of a firearm (Count 5); possession with intent to distribute a controlled substance (heroin, cocaine, marijuana, and alprazolam) (Count 6); and possession of a firearm in furtherance of a drug trafficking crime (Count 7). [Cr-DE 21].

Defendant then entered into a plea agreement which he agreed to plead guilty to Counts 5 and 7, with the Government agreeing to move to dismiss Counts 1–4 and 6 at sentencing. [Cr-DE 30 at 1–2]. The Undersigned held a fulsome Change of Plea Hearing [Cr-DEs 29, 39], and Defendant signed the Plea Agreement [Cr-DE 30] and the Stipulated Statement of Facts [Cr-DE 31]. Defendant's guilty plea was knowingly and voluntarily made with the advice of competent counsel. [Cr-DE 39].

At sentencing, the parties jointly moved for a downward variance, which the Honorable Kenneth A. Marra, United States District Judge, found reasonable. *See* Cr-DE 40. Specifically, Judge Marra stated that "[b]ased upon the mandatory minimum sentence that must be imposed in this case, a sentence below the guideline range will be sufficient but not greater than necessary to comply with the requirements of section 3553." *Id.* at 5:4–7. Judge Marra ultimately sentenced Defendant to a total term of imprisonment of 240 months, consisting of 180 months for Count 5 and 60 months for Count 7, to be served consecutively. [Cr-DE 37]. Defendant was also sentenced to five years of supervised release upon release from imprisonment. *Id.* No timely appeal was filed.

Defendant then filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Cv-DE 1]. The Honorable Lisette M. Reid, United States Magistrate Judge, held an evidentiary hearing [Cv-DE 36]. Judge Reid recommended that Defendant's section 2255 Motion be denied and that no certificate of appealability be issued. [Cv-DE 42]. Judge Marra adopted Judge Reid's recommendation and entered final judgment in favor of the Government. [Cv-DE

43]. Defendant appealed, but the Eleventh Circuit Court of Appeals denied Defendant's motion for a certificate of appealability. [Cv-DE 54].

Currently, Defendant seeks compassionate release for five reasons: (1) the superseding indictment is "fatally defective"; (2) there is a "national disparity in sentencing in comparison when [Defendant] was originally sentenced as if [Defendant] were sentenced today caused by the DOJ change in policy and the Florida legislative change in law"; (3) "harsh BOP incarceration and conditions" due to COVID-19; (4) his twenty-year mandatory minimum sentence "constrained the Court's discretion to fashion a sentence that complies with the mandate of 18 U.S.C. [§] 3553(a)(2)"; and (5) his "super acceptance of responsibility for his crime warrants a reduced federal sentence[.]" [Cr-DE 53].

## II.    LEGAL STANDARDS

"The court may not modify a term of imprisonment once it has been imposed except" under certain exceptions. 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). Section 3582(c)(1)(A)(i) permits a modification of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" "To grant a reduction under this provision, the court must find that (1) there are 'extraordinary and compelling reasons' for doing so, (2) the § 3553(a) factors support the reduction, and (3) a reduction is consistent with the Commission's policy statements." *United States v. Romeu*, No. 25-10788, 2026 WL 36113, at *2 (11th Cir. Jan. 6, 2026) (citing *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021)). The absence of one condition "would foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1238 (11th Cir. 2021).

## III.    DISCUSSION

Under the above legal framework, the Court will address the issues raised in the Motion.

3

To resolve these issues, the Court has carefully reviewed the criminal and civil dockets and filings and will discuss the relevant portions as necessary to address each issue.

A. Defendant's Indictment

Defendant maintains that the superseding indictment charging him with Count 5 is "legally insufficient and is fatally defective in violation of his Fifth and Sixth Amendment rights[.]" [Cr-DE 53 at 5]. In support, Defendant avers that Count 5 under the superseding indictment "fails to track the statutory language" of 18 U.S.C. § 922(g)(1) "of 'unlawful' or 'unlawfully'" and of "possess in or affecting commerce, any firearm or ammunition[.]" *Id.* at 6.

In response, the Government argues that (1) Defendant's argument is an improper collateral attack under section 3582; (2) the argument can only be raised under section 2255 after obtaining permission from the Eleventh Circuit Court of Appeals, thus rendering this contention second or successive; and (3) the superseding indictment is not defective, as stipulated by Defendant. [Cr-DE 55 at 12–13].

First, the Court agrees with the Government that Defendant improperly utilizes section 3582 to collaterally attack his superseding indictment. "[S]ection 3582(c) does not authorize a district court to consider collateral attacks on a prisoner's conviction." *United States v. Guerrero*, No. 23-10248, 2023 WL 3961416, at *1 (11th Cir. June 13, 2023). Rather, "a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence[.]" *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). As stated, Defendant previously filed a section 2255 motion and has not sought leave from the Eleventh Circuit to file a second or successive motion. *See* 28 U.S.C. §§ 244(b)(3), 2255(h). Thus, this Court lacks "jurisdiction to consider [Defendant's] collateral challenge to his conviction and sentence." *United*

*States v. Williams*, No. 22-13150, 2023 WL 4234185, at *4 (11th Cir. June 28, 2023) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Second, even if the Court were to consider the merits of Defendant's argument, any challenge to alleged "omissions" from the superseding indictment regarding the elements of Count 5 is waived given Defendant's unconditional guilty plea. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (holding that an "omission from indictment of an element of the charged offense is a non-jurisdictional defect[,]" thus waiving the defendant's challenge to her indictment due to her "unconditional guilty plea"). Moreover, Defendant admitted that the facts proffered in the Stipulated Statement of Facts "are true and correct facts, and satisfy all the necessary elements" of Count 5. [Cr-DE 31 at 2]. Defendant does not challenge whether he was counseled or his plea's voluntariness, therefore foreclosing a collateral attack on the factual and legal elements of his conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack."). Accordingly, Defendant's contention that the superseding indictment is deficient is meritless.

B. Sentence Disparity

Next, Defendant asserts that there is a disparity between when he was sentenced to if he were sentenced today, due to a change in DOJ policy and Florida law, no longer qualifying him as an armed career criminal. [Cr-DE 53 at 7–13].

In response, the Government avers that (1) U.S.S.G. § 1B1.13(b)(6) is invalid; (2) even if it were valid, Defendant is ineligible; and (3) purported changes in DOJ policy and Florida law are irrelevant. [Cr-DE 55 at 13–18].

Initially, as asserted by the Government, it appears that Defendant relies on U.S.S.G. § 1B1.13(b)(6). This guideline states that, under 18 U.S.C. § 3582(c)(1)(A),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Notably, a court in this district has concluded "that the Commission exceeded its authority in promulgating section 1B1.13(b)(6) by allowing courts to base an 'unusually long sentence' reduction on expressly nonretroactive changes in law." *United States v. Chineag*, 765 F. Supp. 3d 1283, 1299 (S.D. Fla. 2025) (Ruiz, J.). While the Eleventh Circuit has not ruled on this issue, other Circuit Courts of Appeal have ruled similarly. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025) ("[W]e conclude that the Commission overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers. We therefore hold that U.S.S.G. § 1B1.13(b)(6) is invalid."); *see also United States v. Black*, 131 F.4th 542, 545–47 (7th Cir. 2025); *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025); *United States v. Rutherford*, 120 F.4th 360, 376 (3d Cir. 2024).

Notwithstanding the scrutinized legality of section 1B1.13(b)(6), Defendant does not qualify under this section because he has not served at least 10 years of his term of imprisonment. As the Government contends, the earliest date that Defendant was arrested is February 4, 2027.

6

[Cr-DE 7]. Defendant was also detained pending trial. [Cr-DE 9]. Thus, Defendant is not eligible under section 1B1.13(b)(6) until February 2027. Ultimately, Defendant is not entitled to relief.

For completeness, Defendant also claims that a DOJ policy "that took effect on December 16, 2022" would have lessened his sentence if applied today. [Cr-DE 53 at 8–10]. However, the Memorandum that Defendant relies upon specifically states,

> The policies contained in this memorandum, and internal office procedures adopted pursuant thereto, are intended solely for the guidance of attorneys for the government. *They are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States*. Justice Manual § 9-27.150 (updated Feb. 2018); *see United States v. Caceres,* 440 U.S. 741 (1979).

Memorandum from Att'y Gen. for All Federal Prosecutors (Dec. 16, 2022), https://www.justice.gov/archives/ag/documents (emphasis added). Accordingly, Defendant's reliance on this DOJ policy is improper.

Moreover, Defendant maintains that two of his Armed Career Criminal Act ("ACCA") predicate Florida cocaine offenses are no longer predicates, causing a sentencing disparity. [Cr-DE 53 at 10–12]. He seemingly believes that his predicate offenses under the ACCA involve third-degree cocaine possession charges. *Id.* However, Defendant stipulated that he had committed three separate drug offenses, all classified as second degree felonies. [Cr-DE 31 at 2–3] (stipulating to committing the crimes of (1) sale of oxycodone; (2) possession of cocaine with intent to sell; and (3) possession of cocaine with intent to sell, all in violation of § 893.13(1)(a), Florida Statutes). Thus, all of Defendant's convictions, punishable by up to 15 years imprisonment, are valid ACAA predicate convictions. *Compare* § 775.082(3)(d) and § 893.13(1)(a), Fla. Stat., *with* 18 U.S.C. § 924(e)(2)(A)(ii); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b).").

Ultimately, all of Defendant's sentencing disparity arguments are meritless.

C.   Harsh Prison Conditions Due to COVID-19

Defendant avers that due to the harsh conditions that he endured during the COVID-19 pandemic, he should be entitled to relief under section 3582. [Cr-DE 53 at 14–16]. As hardships, Defendant cites national lockdowns, difficulty speaking to family, he believes he had COVID-19, and the lack of medical care for federal inmates. *Id.*

First, the Court finds that Defendant's "extraordinary and compelling reason" is moot as he does not allege that he is currently undergoing any harsh conditions due to COVID-19. Second, multiple courts in this district have found that generalized hardship due to prison conditions during the COVID-19 pandemic do not meet the burden of section 3582. *United States v. Smith*, 729 F. Supp. 3d 1308, 1319 (S.D. Fla. 2024) (Ruiz, J.), *aff'd*, No. 24-11460, 2025 WL 900016 (11th Cir. Mar. 24, 2025); *United States v. Colonna*, 535 F. Supp. 3d 1291, 1297–98 (S.D. Fla. 2021) (Bloom, J.).

Thus, Defendant's contention is unavailing.

D.   Mandatory Minimum Sentence and Acceptance of Responsibility

Next, Defendant attests that his twenty year mandatory minimum sentence, consisting of 180 months for Count 5 and 60 months for Count 7, "deprived the sentencing court of an opportunity to exercise sentencing discretion" and "as the law stands today … places this Court in a unique situation to fashion a sentence it deems sufficient but not greater than necessary to comply with the goals of sentencing." [Cr-DE 53 at 16–18]. Defendant also claims that his "super acceptance" of responsibility warrants a "downward departure" and a reduction in his sentence. *Id.* at 18–19.

First, the mere fact that Defendant was sentenced to the mandatory minimum sentence does not constitute an extraordinary or compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13(b). Second, if Defendant intends to rely on disputed U.S.S.G. § 1B1.13(b)(6), he points to no change in the law regarding is mandatory minimum sentence and, as stated, has not served a 10-year term of imprisonment. Lastly, Defendant already received a downward departure at sentencing due to his acceptance of responsibility, making this contention moot. [Cr-DE 40 at 3–5].

Accordingly, these arguments fail scrutiny.

E.   18 U.S.C. § 3553(a) Sentencing Factors

Finally, Defendant analyzes the 18 U.S.C. § 3553(a) factors. [Cr-DE 53 at 19–26]. Because the Court finds that Defendant does not state a single extraordinary or compelling reason warranting relief under section 3582, the Court need not address the section 3553(a) factors, as the absence of an extraordinary or compelling reason "foreclose[s] a sentence reduction." *Tinker*, 14 F.4th at 1238.

## IV.   CONCLUSION

Accordingly, based on the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Judge **DENY** Defendant's Motion [Cr-DE 53].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Beth Bloom. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

     **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of February 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge